# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

04-2725

_____

United States of America,         *
                                        *

       Plaintiff - Appellee,     *

                                        *  Appeal from the United States

     v.                         *  District Court for the Western of

                                        *  District of Missouri.

Angel Mejia-Gomez,         *

                                        *

       Defendant - Appellant.   *

_____

Submitted: February 14, 2005
Filed:  August 12, 2005

_____

Before MELLOY, HEANEY, and FAGG, Circuit Judges.

_____

MELLOY, Circuit Judge.

Angel Mejia-Gomez pled guilty to a charge of illegal reentry by a deported alien. At sentencing, the district court found that Mr. Mejia-Gomez previously had been deported for a "crime of violence." The resultant Guidelines sentencing range was seventy to eighty-seven months. Mr. Mejia-Gomez made no objections, and the district court imposed a seventy-month, bottom-of-the-range sentence.

Sentencing occurred on June 21, 2004, three days before the Supreme Court issued its opinion in Blakely v. Washington, 124 S.Ct. 2531 (2004). Subsequently, the Supreme Court issued its opinion in United States v. Booker, 125 S.Ct. 738 (2005), effectively making the Sentencing Guidelines advisory in all cases. Mr. Mejia-Gomez now argues that it was plain error to sentence him under a mandatory regime and that he is entitled to resentencing under an advisory regime.

Because Mr. Mejia-Gomez raises this issue for the first time on appeal, we review only for plain error. United States v. Pirani, 406 F.3d 543, 552 (8th Cir. 2005). Under the plain error test, a defendant must demonstrate that an error affected his or her substantial rights. Id. In this context, Mr. Mejia-Gomez must show a reasonable probability that the district court would have applied a lesser sentence under an advisory sentencing regime. Id. at 553.

At sentencing, Mr. Mejia-Gomez asked the district court to consider a lesser sentence to reduce the impact of his incarceration upon his dependent family. The district court explained in general terms that the Guidelines were mandatory and that the district court lacked discretion to sentence outside the Guidelines range. The district court stated:

> All right. Thank you. Mr. Mejia, the Federal Sentencing Guidelines do not permit me to do that. Since 1987 all sentences that are pronounced upon individuals in federal court are directed or controlled by these federal guidelines, and our governing body, the congress of the United States, didn't like judges feeling sorry for somebody and giving him a lesser sentence, even though they've got a legitimate argument, so they said to us you can't do it except in rare circumstances, and your plea to me that you have a family to support is not a rare circumstance that congress will permit me to do that, so I cannot do that.

We do not believe that this statement demonstrates the district court wanted to impose a lesser sentence. Rather, we understand this statement to be a general explanation

of the law as it existed prior to <u>Booker</u>. A district court's general explanation of Guidelines, like a generalized grievance about the Guidelines, fails to demonstrate the required reasonable probability of a lesser sentence. <u>Id.</u> at 553 n.6.

Because no statements by the district court support Mr. Mejia-Gomez's claim of plain error, and because a sentence at the bottom of the Guidelines range is insufficient to make the required showing under <u>Pirani</u>, <u>id.</u> at 553, we affirm the judgment of the district court.

HEANEY, Circuit Judge, concurring.

I adhere to the view stated by Judge Bye in <u>Pirani</u>, that defendants who did not properly preserve their <u>Booker</u> claims in the district court are nonetheless generally entitled to resentencing under a constitutional regime. <u>See</u> <u>United States v. Pirani</u>, 406 F.3d 543, 562-67 (8th Cir. 2005) (en banc) (Bye, J., dissenting). Because a majority of our court has held to the contrary, however, I concur.

_____